UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CA 04 278 T

| | | |
|---|---|---|
| XAVIER BALLARIN, Plaintiff | ) | C.A. No. |
| vs. | ) | |
| DARRELL LUCENTE , JOHN CROY, XLC CORP. and QUALGUARD, INC., Defendants | ) | COMPLAINT |

PARTIES

1. Plaintiff Xavier Ballarin ("Ballarin") is a citizen of France lawfully residing in the United States, on a temporary basis, in Warwick, Rhode Island.

2. Defendant Darrell Lucente ("Lucente") is a citizen of the United States residing in Warwick, Rhode Island.

3. Defendant John Croy ("Croy") is a citizen of the United States residing in Middletown, Rhode Island.

4. Defendant XLC Corp., ("XLC") is a business corporation organized under the laws of the State of Rhode Island having its principal place of business in that state.

5. Defendant XLC is a closely held corporation, and its stock is not listed or traded on any public exchange or market.

6. Defendant Qualguard, Inc., (Delaware) ("Qualguard Delaware") is a business corporation organized under the laws of the State of Delaware, having its principal place of business in the State of Rhode Island.

7. Defendant Qualguard Delaware is a closely held corporation, and its stock is not listed or traded on any public exchange or market.

## JURISDICTION

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(2), because plaintiff is a citizen or subject of a foreign state, defendants Lucente and Croy are citizens of Rhode Island, XLC is incorporated and principally based in Rhode Island, Qualguard Delaware is incorporated in Delaware and principally based in Rhode Island, and the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

## FACTS

9. During the summer and into the winter of 2000, plaintiff Ballarin and defendants Lucente and Croy developed an internet business, which they called Qualguard, to provide performance and quality-of-service monitoring to web business owners and managers.

10. On or about November 3, 2000, Articles of Incorporation for Qualguard, Inc. ("Qualguard Rhode Island") were filed with the Rhode Island Secretary of State to establish a corporation to operate the performance and monitoring business.

11. Plaintiff Ballarin, along with defendants Lucente and Croy, performed numerous and assorted tasks crucial to the success of Qualguard Rhode Island's start-up, including, among others: service definition; assisting in construction of the Qualguard Rhode Island's website; development of performance and quality reporting displays; packaging the service; determining the components of the service; service testing; qualifying the description of the Qualguard Rhode Island's agent which generated performance and monitoring data; and servicing and supporting the host computers which were providing internet service.

12. Early in 2001, Qualguard Rhode Island began developing an Internet Service Provider ("ISP") business separate from the performance and monitoring business. Very rapidly,

the ISP aspect of Qualguard Rhode Island's business became the predominant, if not sole, business of the corporation.

13. Plaintiff Ballarin, along with defendants Lucente and Croy, performed numerous and assorted tasks crucial to the success of the ISP business, including, among others: assisted in construction of the website; designed a sign-up process which provided subscriber user names and passwords; manually entered sign-up data before the sign-up process software became operational; investigated ISP lists and guides on the web to advertise their service; developed a marketing strategy coupling ISP advertising placements with search keywords; developed cost-efficient strategies and projects to increase the subscriber base; supported subscribers by telephone and e-mail; and worked on the corporation's accounting.

14. During the development and start-up of the performance and monitoring business, and the transition to the ISP business, plaintiff Ballarin worked for more than a year without payment.

15. On or about August 26, 2002, defendants Lucente and Croy and plaintiff Ballarin consented, in a signed writing, a true copy of which is attached as Exhibit A, to the following actions, among others:

a) The stockholders acknowledged that, from and after January 23, 2001, defendant Lucente, under Qualguard (Rhode Island) Stock Certificate No. 1, held 667 Qualguard, Inc. common shares for himself, 667 shares as nominee for plaintiff Ballarin, and 667 shares as nominee for defendant Croy.

b) Stock Certificate No. 1 was surrendered to the corporation, and Certificate Nos. 2, 3 and 4, each for 667 shares of Qualguard (Rhode Island) stock, were issued to defendant Lucente, defendant Croy and plaintiff Ballarin, respectively.

c) Qualguard Rhode Island's name was changed to Highstream, Inc. ("Highstream"), and the number of directors was increased from two to three.

d) Defendants Lucente and Croy and plaintiff Ballarin were elected directors of Highstream for one year, or until successors were elected and qualified.

e) Defendant Lucente was elected President, defendant Croy was elected Secretary and plaintiff Ballarin was elected Treasurer of Highstream.

f) A Delaware corporation, Qualguard, Inc. (Delaware) would be created, and assets used in the quality and monitoring business of Highstream (f/k/a Qualguard Rhode Island) would be transferred to Qualguard, Inc. (Delaware).

g) Defendants Lucente and Croy and plaintiff Ballarin would each be issued an equal amount of the shares of the stock of Qualguard, Inc. (Delaware) as a dividend from Highstream, Inc.

16. As a result of the August 26, 2002 consent, the Qualguard, Inc. (Rhode Island) (renamed Highstream, Inc.) Stock Certificate No. 4 was listed on the corporation's stock ledger as issued to plaintiff Ballarin.

17. On or about October 2, 2002, Qualguard Rhode Island formally changed its name to Highstream, Inc., a Rhode Island corporation, by filing Articles of Amendment to its Articles of Incorporation with the Rhode Island Secretary of State.

18. On December 2, 2002, Highstream, Inc., the former Qualguard Rhode Island formally changed its name to XLC Corp., a Rhode Island corporation, by filing Articles of Amendment to its Articles of Incorporation with the Rhode Island Secretary of State.

19. The name XLC is derived from combining one letter from each of the names of plaintiff Xavier Ballarin (**"X"**) and defendants Darrell Lucente (**"L"**) and John Croy (**"C"**).

20. On or about December 2, 2002, Qualguard Delaware issued stock certificates, each for 500 shares, to defendants Lucente and Croy and plaintiff Ballarin, and, thereafter, plaintiff Ballarin was made a director and the Treasurer of Qualguard Delaware.

21. In undertaking and performing services with defendants Lucente and Croy for XLC and Qualguard Delaware, plaintiff Ballarin reasonably expected that he would be a co-owner of the businesses, he would participate in their governance and management, and would secure employment as an incident of stock ownership.

22. During the early part of 2003, moving into the spring of 2003, defendants Lucente and Croy purported to find displeasure with plaintiff Ballarin's work, and began to strip away his job duties and reduced his compensation.

23. On or about June 11, 2003, defendant Lucente told plaintiff Ballarin to cease work for XLC and cease coming to the XLC office.

24. On information and belief, on or before June 18, 2003, defendants Lucente and Croy entered into an agreement to take control of XLC and Qualguard Delaware and to deny Ballarin any and all rights he had with respect to both corporations, including holding corporate offices and maintaining his stock ownership.

25. On or about June 18, 2003, the attorney for defendants XLC and Qualguard Delaware, at the instruction of defendants Lucente and Croy, sent plaintiff Ballarin, as a stockholder of XLC and Qualguard Delaware, Consents of Stockholders to Action Without a Meeting, providing, among other things, for plaintiff Ballarin's removal as a director and Treasurer of each corporation, and adoption and approval of an Incentive Stock Option Plan for each corporation which would dramatically dilute plaintiff Ballarin's stock holdings.

26. On or about July 8, 2003, by the consent of defendants Lucente and Croy, as majority shareholders of XLC and Qualguard Delaware, plaintiff Ballarin was removed as a director and Treasurer of each corporation and, as a result, was not eligible to participate in an Incentive Stock Option Plan adopted by the majority shareholders that same day.

27. While at XLC, plaintiff Ballarin worked with defendant Lucente to create a line of business, as part of XLC's business, devoted to on-line photo processing, publishing and management ("the on-line photo business"). XLC launched the on-line photo business in the early summer of 2003.

28. On or about September 8, 2003, defendants Lucente and Croy caused Articles of Incorporation for To Go, Photo, Inc. to be filed with the Rhode Island Secretary of State to establish a corporation separate from XLC to engage in the on-line photo business. Defendant Lucente became President of To Go, Photo, Inc., and defendant Croy became Secretary and Treasurer of To Go, Photo, Inc.

29. Despite the XLC and Qualguard Delaware stock issued to plaintiff Ballarin, and recorded in the stock ledgers of each corporation as issued to him, defendants Lucente and Croy now maintain that plaintiff Ballarin is not a stockholder in either corporation, is not entitled to the usual incidents and privileges associated with stock ownership, and plaintiff Ballarin has been completely frozen out of governance of and participation in the affairs of the corporations.

30. Defendants Lucente and Croy, in an effort to oppress and frustrate plaintiff Ballarin's exercise of his claims and rights as a stockholder in each of XLC and Qualguard Delaware, have fabricated false and malicious charges of misconduct against him, and have filed or caused to be filed false reports with law enforcement authorities in order to have plaintiff Ballarin arrested and charged with a crime.

31. Defendants Lucente and Croy are in control of defendants XLC and Qualguard Delaware.

32. Defendants Lucente and Croy's acts are illegal and oppressive to plaintiff Ballarin's rights as co-founder and shareholder of XLC and Qualguard Delaware and constitute self-dealing and usurpation of corporate opportunities.

COUNT I
Breach of Fiduciary Duties (Against Lucente and Croy)

33. Plaintiff incorporates by reference herein paragraphs 1-32.

34. Defendants Lucente and Croy, as majority shareholders and directors of XLC, owe fiduciary duties to plaintiff Ballarin.

35. Defendants Lucente and Croy breached their fiduciary duties to plaintiff Ballarin by acting illegally and oppressively to plaintiff Ballarin, co-founder and a minority shareholder of the corporation.

36. Defendants Lucent and Croy's breaches of their fiduciary duties to plaintiff Ballarin caused Ballarin damages in an amount greater than $75,000.

37. In the circumstances, XLC should be liquidated, and plaintiff Ballarin's stock interest paid upon liquidation or, in the alternative, a buyout of plaintiff Ballarin's stock interest should be ordered by the Court, together with punitive damages for the oppressive actions against Ballarin, as minority shareholder, together with reasonable attorneys' fees and costs, with prejudgment interest and costs.

COUNT II
Breach of Fiduciary Duties (Against Lucente and Croy)

38. Plaintiff incorporates by reference herein paragraphs 1-32.

39. Defendants Lucente and Croy, as majority shareholders and directors of Qualguard Delaware, owe fiduciary duties to plaintiff Ballarin.

40. Defendants Lucente and Croy breached their fiduciary duties to plaintiff Ballarin by acting illegally and oppressively to plaintiff Ballarin, co-founder and a minority shareholder of the corporation.

41. Defendants Lucent and Croy's breaches of their fiduciary duties to plaintiff Ballarin caused Ballarin damages in an amount greater than $75,000.

42. In the circumstances, Qualguard Delaware should be liquidated, and plaintiff Ballarin's stock interest paid upon liquidation or, in the alternative, a buyout of plaintiff Ballarin's stock interest should be ordered by the Court, together with punitive damages for the oppressive actions against Ballarin, as minority shareholder, together with reasonable attorneys' fees and costs, with prejudgment interest and costs.

COUNT III
Breach of Covenant of Good Faith and Fair Dealing (Against All Defendants)

43. Plaintiff incorporates by reference herein paragraphs 1-32.

44. Defendants entered into a contract with Ballarin under which plaintiff Ballarin reasonably expected to receive certain benefits, including stock ownership, participation in the governance and management of XLC and Qualguard Delaware, and employment as an incident of stock ownership.

45. Defendants owed a duty to plaintiff Ballarin to uphold such contract.

46. Defendants engaged in conduct that injured plaintiff Ballarin's right to receive some or all of those benefits under the contract.

47. Defendants acted in bad faith and dealt unfairly with plaintiff Ballarin when they committed acts that injured plaintiff Ballarin's rights to receive benefits he reasonably expected to receive under the contract.

48. Plaintiff Ballarin was damaged as a result of defendants' breaches in an amount greater than $75,000.

49. Defendant Lucente's and defendant Croy's actions were intentional and malicious, such that plaintiff Ballarin is entitled to recover punitive damages.

WHEREFORE, plaintiff Ballarin demands judgment liquidating XLC Corp. and Qualguard, Inc. (Delaware), with distribution to plaintiff Ballarin of his pro rata share of assets or, alternatively, ordering a buyout of plaintiff Ballarin's stock interest in each corporation, together with compensatory damages, punitive damages, reasonable attorneys' fees and expenses, and prejudgment interest and costs.

Gordon P. Cleary, No. 1948
VETTER & WHITE
Attorneys for Plaintiff
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Of Counsel:

Beth Jacobson, Esq.
Sullivan & Worcester, LLP
One Post Office Square
Boston, Massachusetts 02109
(617) 338-2800
(617) 338-2880 FAX

Dated: July 9 , 2004

**ACTION OF STOCKHOLDERS**
**OF**
**QUALGUARD, INC.**
**AUGUST 26, 2002**

The undersigned stockholders of all the outstanding shares of stock issued by QualGuard, Inc. hereby consent to the actions set forth below, as authorized by Article II, Section 8 of the By-Laws of this Corporation:

1. All of the actions hereof by the officers, directors and/or stockholders of this Corporation, from and after January 23, 2001 to the date hereof, are hereby ratified and confirmed, including, without limitation, the filing of fictitious business name statements of Highstream.net and Allvantage.com.

2. The stockholders acknowledge that from and after January 23, 2001, of the 2001 shares of stock issued in the name of Darrell A. Lucente, and evidenced by Certificate Number 1 issued by this Corporation, 667 shares were held by Darrell A. Lucente as nominee for each of John Croy and Xavier Ballarin, and said Certificate Number 1 is hereby surrendered by Darrell A. Lucente and reissued as Certificates Numbers 2, 3, and 4, each evidencing 667 shares, to Darrell A. Lucente, John Croy, and Xavier Ballarin.

3. The stockholders authorize the filing of Articles of Amendment to the Articles of Incorporation of this Corporation for the purposes of (1) changing the name of this Corporation to Highstream, Inc., (2) providing for three directors of this Corporation instead of two, and (3) amending Article III, Section 1 of the By-Laws accordingly, all as authorized by Article X of the By-Laws.

4. The stockholders unanimously elect Darrell A. Lucente, John Croy, and Xavier Ballarin to serve as directors of this Corporation for a term of one year or until their successors shall have been duly elected and qualified.

**EXHIBIT A**

5. The stockholders unanimously elect the following to serve as the officers of this Corporation until their successors have been duly elected and qualified:

| | |
|---|---|
| President - | Darrell A. Lucente |
| Secretary - | John Croy |
| Treasurer - | Xavier Ballarin |

6. The stockholders authorize this Corporation to take all such actions as may be necessary to cause a new corporation to be incorporated under the laws of the state of Delaware, and to exchange certain technological assets which may be described generally as programs, source code and applications, web site pages, logo, and the name QualGuard, and having a fair market value equal to the cost basis of such technological assets as shown on the books of this Corporation, viz., $ 25,000, in exchange for all of the capital stock to be originally issued by such new corporation in a tax free exchange as authorized by Section 351 of the Internal Revenue Code; the said new corporation shall be known as QualGuard, Inc.

7. The stockholders hereby declare a dividend in the amount of $ 8,333.33/100 to be paid to each of the stockholders of record of this Corporation as of the date of receipt of all the capital stock of QualGuard, Inc., payable only in the shares of QualGuard, Inc., pro rata.

IN WITNESS WHEREOF, we, all the stockholders of this Corporation, have signed this Action of Stockholders, as of August 26, 2002.

Darrell A. Lucente - 667 Shares

John Croy - 667 Shares

Xavier Ballarin - 667 Shares

EXHIBIT A