UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF RHODE ISLAND

XAVIER BALLARIN

VS. C. A. NO. 04-278T

DARRELL LUCENTE, JOHN CROY,
XLC CORP. and QUALGUARD, INC.

[redacted]

PARTIES

1. Admitted that plaintiff is a citizen of France, lawfully residing in the United States. Defendants lack knowledge or information sufficient to form a belief as to whether plaintiff's residence is on a temporary basis.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

JURISDICTION

8. Admitted, except if plaintiff has been admitted to this country for permanent residence, in which case there is no diversity jurisdiction. At this time defendants lack knowledge or information sufficient to form a belief as to whether plaintiff has been admitted to this country for permanent residence.

5

## FACTS

9. Admitted that Lucente and Croy developed an internet business called Qualguard to provide performance and quality-of-service monitoring to web business owners and managers; denied as to the remaining allegations of this paragraph.

10. Admitted.

11. Admitted that Lucente and Croy performed tasks crucial to the success of Qualguard; denied as to the remaining allegations of this paragraph.

12. Admitted that Qualguard, Inc. began developing an internet service provider business; denied as to the remaining allegations of this paragraph.

13. Admitted that Lucente and Croy performed tasks crucial to the success of the ISP business; denied as to the remaining allegations of this paragraph.

14. Admitted that plaintiff was not paid with respect to the ISP business until September 17, 2002, because he was not authorized to work in the United States until he received a work permit from the INS on or about August 29, 2002. The remainder of this paragraph is denied to the extent it is inconsistent with this answer.

15. Admitted that the referenced action of stockholders was executed; denied as to the remaining allegations of this paragraph.

16. Admitted.

17. Admitted.

18. Admitted that Highstream, Inc. changed its name to XLC Corp. on December 6, 2002.

19. Admitted.

20. Admitted.

21. Denied that plaintiff could reasonably expect to be a co-owner of the businesses and remain employed in the event he could not satisfactorily perform his job duties.

22. Denied that defendants "purported" to find displeasure with plaintiff's work as plaintiff repeatedly failed to adequately perform his assigned duties, as a result of which his responsibilities and compensation were reduced, with his agreement.

23. Admitted.

24. Denied.

25. Admitted, except that defendants deny that the adoption and approval of an incentive stock option plan without the grant of stock options would dilute plaintiff's stock holdings.

26. Admitted.

27. Admitted that plaintiff was occasionally assigned tasks by Lucente with respect to creating a line of business devoted to online photo processing, which business was launched by Qualguard, Inc. in 2003; the remainder of this paragraph is denied to the extent it is inconsistent with this answer.

28. Admitted.

29. Admitted that Lucente and Croy maintain that Ballarin is not entitled to the rights and privileges of a stockholder in either XLC Corp. or Qualguard, Inc. because he failed to comply with a condition of such stock issuance, that is, satisfactory performance of assigned duties, and breached his fiduciary duties to the individual and corporate defendants by committing acts of forgery and embezzlement; the remainder of this paragraph is denied to the extent it is inconsistent with this answer.

30. Admitted that Lucente and Croy filed a complaint of forgery and embezzlement against Ballarin with law enforcement authorities because there is substantial evidence that plaintiff has committed these criminal acts; denied as to the remainder of this paragraph.

31. Admitted that Lucente and Croy own controlling shares of the two corporations; the remainder of this paragraph is denied to the extent it is inconsistent with this answer.

32. Denied.

## COUNT I

### Breach of Fiduciary Duties (Against Lucente and Croy)

33. Defendants incorporate by reference their answers and responses to paragraphs 1-32 as if fully set forth herein.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## COUNT II

## Breach of Fiduciary Duties (Against Lucente and Croy)

38. Defendants incorporate by reference their answers and responses to paragraphs 1-37, as if fully set forth herein.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

## COUNT III

## Breach of Covenant of Good Faith and Fair Dealing (Against all Defendants)

43. Defendants incorporate by reference their answers and responses to paragraphs 1-42, as if fully set forth herein.

44. Admitted that defendants entered into a verbal agreement with Ballarin pursuant to which Ballarin agreed to return the stock issued to him in the event he could not satisfactorily perform his job duties; denied that Ballarin could reasonably expect to receive stock ownership and the other enumerated benefits in the event he did not successfully perform his job duties, and deny this allegation to the extent it is inconsistent with this answer.

45. Admitted that defendants owed a duty to abide by the verbal agreement with Ballarin; denied that defendants breached any such duty and assert that Ballarin breached the agreement by failing to perform his duties and by engaging in forgery and embezzlement.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

## AFFIRMATIVE DEFENSES

1. If plaintiff is deemed to be an alien admitted to this country for permanent residence, then there is no diversity of citizenship, and this Honorable Court would thus lack subject matter jurisdiction over this case.

2. There is an absence and/or failure of consideration because plaintiff did not contribute assets or incur liability for the shares of stock issued to him and did not satisfactorily perform his assigned duties.

3. Plaintiff breached his agreement with defendants by failing to satisfactorily perform his job duties by willfully or recklessly neglecting his duties and by engaging in the conversion of corporate funds for his own benefit.

4. Plaintiff is barred from recovery by the Doctrine of Unclean Hands as a result of his willful or reckless failure to perform his job duties and for his wrongful conversion of corporate funds for his own benefit.

5. Plaintiff is barred from recovery because of the breach of his fiduciary duties to defendants as a result of his willful or reckless failure to perform his assigned duties and for his wrongful conversion of corporate assets for his own benefit.

6. The relief sought in the complaint is barred by the Doctrines of Waiver and Estoppel.

7. The relief sought in the complaint is barred by the Doctrines of Set Off and Recoupment.

8. The issuance of shares to plaintiff was void *ab initio* because plaintiff fraudulently failed to disclose his wrongful conversion of corporate funds prior to the issuance of the shares to plaintiff.

WHEREFORE, Defendants Lucente, Croy, XLC Corp. and Qualguard, Inc. request that the relief sought by Plaintiff Ballarin be denied and that the Court enter judgment that plaintiff is not entitled to the rights and privileges of a stock holder of XLC Corp. and Qualguard, Inc. and award defendants their reasonable attorneys' fees and costs; and such other relief to which the defendants may be entitled.

Defendants claim trial by jury.

DEFENDANTS

By their attorneys,

McKENNA & McCORMICK

**JAMES T. McCORMICK (#2614)**
128 Dorrance Street, Suite 330
Providence, RI 02903-2814

(401) 831-2970
(401) 751-1797 (FAX)

[redacted]

I, the undersigned, hereby certify I forwarded a copy of the within to the following attorney on the 30 day of August 2004:

Gordon P. Cleary, Esq.
**Vetter & White**
20 Washington Place
Providence, RI 02903

Attorney Beth L. Jacobson
**Sullivan & Worcester LLP**
One Post Office Square
Boston, MA 02109