UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF RHODE ISLAND

XAVIER BALLARIN

VS. C. A. NO. 04-278T

DARRELL LUCENTE, JOHN CROY,
XLC CORP. and QUALGUARD, INC.

# COUNTERCLAIM

## Count I—Conversion of Corporate Funds

1. At all times material hereto, Counterclaim Defendant Ballarin had access to the checkbook of the Rhode Island corporation Qualguard, Inc. (now named XLC Corp.).

2. On or about August 13, 2002, Counterclaim Defendant Ballarin cashed and/or otherwise negotiated for his personal benefit check No. 2309 drawn payable to Xavier Ballarin on the checking account of the former Qualguard, Inc. at Fleet Bank in the amount of $8,000. Said check was dated August 10, 2002, and bore the notation "see bonus." This check was drawn, signed with the signature of Darrell Lucente and endorsed by Ballarin.

3. Darrell Lucente never authorized Ballarin to sign his name to this check.

4. Said check was prepared, or caused to be prepared, and issued by Ballarin but was not authorized by the former Qualguard, Inc.

5. On or about September 5, 2002, Counterclaim Defendant Ballarin cashed and/or otherwise negotiated for his personal benefit check No. 2322 drawn payable to Xavier Ballarin on the checking account of the former Qualguard, Inc. at Fleet Bank in the amount of $8,000. Said check was dated August 16, 2002, and bore the notation "August."

6. Check No. 2322 was drawn, signed with the signature of Darrell Lucente and endorsed by Plaintiff Ballarin.

7. Darrell Lucente never authorized Ballarin to sign his name to check No. 2322.

6

8. Check No. 2322 was prepared, or caused to be prepared, and issued by Ballarin but was not authorized by the former Qualguard, Inc.

9. Ballarin's actions and conduct described herein constituted the unlawful conversion and misappropriation of the funds of the former Qualguard, Inc. for the benefit of Ballarin.

WHEREFORE, Defendant and Counterclaim Plaintiff XLC Corp. (formerly Qualguard, Inc.) demands judgment against Plaintiff/Counterclaim Defendant Xavier Ballarin in the amount of $16,000, plus costs, interest and punitive damages.

Count II—Repayment of Monies Loaned

10. Defendant/Counterclaim Plaintiff Darrell Lucente made demand loans by personal checks to Xavier Ballarin on or about the following dates in the amounts shown: 02/21/02--$5,000; 04/01/02--$5,000; 04/29/02--$7,000; 05/24/02--$8,000; and 07/01/02--$8,000.

11. Counterclaim Plaintiff Lucente has demanded that Counterclaim Defendant Ballarin repay these loans.

12. Counterclaim Defendant Ballarin has not repaid these loans.

WHEREFORE, Defendant/Counterclaim Plaintiff Darrell Lucente demands judgment against Plaintiff/Counterclaim Defendant Xavier Ballarin in the amount of $33,000, plus costs and interest.

Count III—Negligent or Willful Failure to Perform Duties

13. At all times material hereto, Counterclaim Defendant Ballarin was employed by Counterclaim Plaintiff XLC Corp.

14. Commencing on or about August 29, 2002, and until about May 2003, Counterclaim Defendant Ballarin was assigned tasks concerning the functions of controller and marketing by XLC Corp. with assigned duties including the following: continual monitoring of the corporation's cash position and cost of goods sold and reporting same to its President, cooperating with the corporate accountant in preparation and presentation of accurate financial statements to the corporation's operations manager and monitoring vendors' billings and payment of same.

15. By late December 2002 it had become apparent that Counterclaim Defendant Ballarin's performance of these duties and other assign tasks was deficient in that he was negligent, including gross negligence, and willfully derelict in carrying out and performing these assigned tasks, all resulting in substantial monetary loss to the

corporation; and as a result, his work hours, responsibilities and compensation were reduced with his consent and his acknowledgement of his failings.

16. Among other failures, Ballarin failed to renew a contract leading to the loss of customer acquisition; he failed to respond to approximately 6,000 billing e-mails resulting in a significant loss of customers and recurring profit as well as damage to brand image; he failed to conduct any or proper due diligence before selecting a wholesale provider of ISP services, which subsequently defaulted, resulting in a significant loss to customers; he failed to monitor a domain registration, resulting in the expiration of the registration and loss of a website's availability to customers, and he "moved" fourth quarter 2002 accounts payable to the first quarter 2003 resulting in misleading financial statements for such periods.

17. XLC Corp. incurred damages, including incidental and consequential, totaling not less than $466,000 as a result of Ballarin's repeatedly negligent and willfully derelict actions, conduct and failures.

18. Xavier Ballarin's employment by XLC Corp. was terminated for cause in July 2003.

WHEREFORE, Counterclaim Plaintiff XLC Corp. demands judgment against Xavier Ballarin in an amount sufficient for the jurisdiction of this Court, plus costs and interest.

## Count IV—Breach of Contract

19. On or about August 26, 2002, stock certificate No. 4 of the former Qualguard, Inc. was issued to Counterclaim Defendant Xavier Ballarin.

20. The issuance of said stock was pursuant to a verbal agreement between Darrell Lucente, acting on behalf of the former Qualguard, Inc., and Ballarin.

21. On or about December 2, 2002, the Delaware corporation Qualguard, Inc. issued a stock certificate for 500 shares to Xavier Ballarin.

22. The issuance by Qualguard, Inc. of said shares to Ballarin was pursuant to a verbal agreement between Ballarin and Darrell Lucente acting on behalf of Qualguard, Inc.

23. The terms of said agreement with respect to both the stock of the former Qualguard, Inc. and the current Delaware corporation Qualguard, Inc. required Xavier Ballarin to surrender his shares in both corporations in the event he was unable to fulfill his duties to XLC Corp.

24. In late December 2002 it became apparent that Ballarin was unable to fulfill his duties, as a result of which Darrell Lucente demanded that Ballarin return his shares in both corporations. Ballarin did not do so and, thus, is in breach of his obligation under the agreement.

WHEREFORE, Counterclaim Plaintiffs XLC Corp. and Qualguard, Inc. request that this Honorable Court order Xavier Ballarin to surrender his shares in both corporations and order that Ballarin is not entitled to the rights and privileges of a stockholder of XLC Corp. and Qualguard, Inc., plus costs of litigation.

Count V—Fraud

25. All prior paragraphs of the counterclaim are hereby reasserted and incorporated herein by reference.

26. At the time of the issuance of stock to Ballarin as aforesaid in August and December 2002, Ballarin had surreptiously engaged in wrongful conduct injurious to the corporations, namely the wrongful issuance to himself of 2 checks in the amount of $8,000 each as aforesaid.

27. Prior to the issuance of stock to Mr. Ballarin, he was under a fiduciary obligation and an obligation of good faith and fair dealing to disclose to the corporations any wrongful actions. Ballarin's failure to do so is a fraudulent omission of material facts which, if known to the corporations, would have resulted in Ballarin not being issued the stock.

28. Counterclaim Plaintiff corporations suffered damages as a result of Ballarin's fraudulent omissions.

WHEREFORE, Counterclaim Plaintiffs XLC Corp. and Qualguard Inc. demand judgment against Xavier Ballarin for cancellation of the stock issued to him, plus attorneys' fees, costs, interest and other damages as appropriate.

Count VI—Breach of Fiduciary Duty

29. All paragraphs of the counterclaim are hereby reasserted and incorporated herein by reference.

30. Xavier Ballarin owed a fiduciary duty to all defendants not to engage in wrongful conduct injurious to defendants.

31. Xavier Ballarin breached his fiduciary duties when he wrongfully converted corporate funds for his own benefit and when he neglected or willfully chose not to fulfill the duties assigned to him, all of which caused damage to counterclaim plaintiffs.

WHEREFORE, Counterclaim Plaintiffs demand judgment against Xavier Ballarin for the cancellation of the stock issued to him, plus attorneys' fees, costs, interest and monetary damages as may be appropriate.

DEFENDANTS & COUNTER-CLAIM PLAINTIFFS

By their attorneys,

McKENNA & McCORMICK

JAMES T. McCORMICK (#2614)
128 Dorrance Street, Suite 330
Providence, RI 02903-2814

(401) 831-2970
(401) 751-1797 (FAX)

Counterclaim Plaintiffs claim trial by jury.

CERTIFICATION

I, the undersigned, hereby certify I forwarded a copy of the within to the following attorney on the 31 day of August 2004:

Gordon P. Cleary, Esq.
**Vetter & White**
20 Washington Place
Providence, RI 02903

Attorney Beth L. Jacobson
**Sullivan & Worcester LLP**
One Post Office Square
Boston, MA 02109