UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| XAVIER BALLARIN, Plaintiff | ) | C.A. No. 04-278T |
| vs. | ) | |
| DARRELL LUCENTE, JOHN CROY, XLC CORP. and QUALGUARD, INC., Defendants | ) | |

PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIM

FIRST DEFENSE

1. Answering paragraph 1 of the counterclaim, alleges that during the year 2002, Xavier Ballarin ("Ballarin") and others had access to the checkbook of Qualguard, Inc. ("Qualguard"), now named XLC Corp.; except as specifically alleged, denies the allegations of paragraph 1 of the counterclaim.

2. Denies the allegations of paragraphs 3, 7, 8, 9, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 26, 27, 28 and 31 of the counterclaim.

3. Answering paragraphs 2 and 4 of the counterclaim, alleges that on or about August 10, 2002, with the knowledge and consent of Darrell Lucente ("Lucente") on behalf of Qualguard, Ballarin prepared Qualguard Check No. 2309, in the amount of $8,000, which he deposited to his personal checking account on or about August 13, 2002; except as expressly alleged, lacks knowledge or information sufficient to admit or deny whether Ballarin signed Check No. 2309, and denies the remaining allegations of paragraphs 2 and 4 of the counterclaim.

4. Answering paragraphs 5 and 6 of the counterclaim, alleges that on or about August 16, 2002, with the knowledge and consent of Lucente on behalf of Qualguard, Ballarin prepared and signed Qualguard Check No. 2322, in the amount of $8,000, with memo note

9

"August," which he deposited to his personal checking account on or about September 4, 2002; except as expressly alleged, denies the allegations of paragraphs 5 and 6 of the counterclaim.

5. Answering paragraphs 10, 11 and 12 of the counterclaim, alleges that during the time Ballarin was a co-founder without compensation, Lucente provided him with checks, on dates which cannot be recalled at present, totaling $33,000, under an agreement that the financial relationship between them and Qualguard (later named XLC Corp.) would be "straighten[ed] out later," and alleges further that, except for privileged discussions, Lucente never demanded payment; except as expressly alleged, denies the allegations of paragraphs 10, 11 and 12 of the counterclaim.

6. Answering paragraphs 13 and 14 of the counterclaim, alleges that, before and after August 29, 2002, Ballarin was a co-founder of Qualguard (later named XLC Corp.) with Lucente and John Croy, and held director and officer positions with the company, and engaged in commercial activities for the company, including those alleged in paragraph 13 of the complaint; except as expressly alleged, denies the allegations of paragraphs 13 and 14 of the counterclaim.

7. Answering paragraph 30 of the counterclaim, alleges that paragraph 30 avers a question of law as to which no answer is required; to the extent a response is required, lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the counterclaim.

8. Answering paragraphs 25 and 29 of the counterclaim, incorporates the answers to the paragraphs of the counterclaim incorporated therein.

SECOND DEFENSE

9. The counterclaim fails to state a claim upon which relief can be granted.

THIRD DEFENSE

10. The counterclaim is barred by defendants' waiver and estoppel.

FOURTH DEFENSE

11. The counterclaim is barred by the statute of frauds.

FIFTH DEFENSE

12. The counterclaim is barred by defendants' unclean hands.

SIXTH DEFENSE

13. The counterclaim is barred by defendants' consent.

WHEREFORE, Xavier Ballarin demands judgment dismissing the counterclaim, and for his costs and attorneys' fees.

Gordon P. Cleary, No. 1948
VETTER & WHITE
Attorneys for Plaintiff
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Of Counsel:

Beth Jacobson, Esq.
Sullivan & Worcester, LLP
One Post Office Square
Boston, Massachusetts 02109
(617) 338-2800
(617) 338-2880 FAX

Dated: September 23, 2004

CERTIFICATE OF SERVICE

To:

James T. McCormick, Esq.
McKenna & McCormick
128 Dorrance Street - Suite 330
Providence, RI 02903-2814

I hereby certify that I served on the above-named counsel of record a copy of the within Plaintiff's Answer to Defendants' Counterclaim by mailing first class mail, postage prepaid, on the 23rd day of September, 2004.

Lisa A. Larivere