UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| XAVIER BALLARIN, Plaintiff | ) | C.A. No. 04-278T |
| vs. | ) | |
| DARRELL LUCENTE , JOHN CROY, XLC CORP. and QUALGUARD, INC., Defendants | ) | NOTICE TO TAKE DEPOSITION |

PLEASE TAKE NOTICE THAT pursuant to R.C.P. 26 and 30, plaintiff Xavier Ballarin will take the deposition upon oral examination of the Keeper of Records of Robert J. LeBlanc, CPA, Ltd., 1050 Main Street - Suite 6, East Greenwich, Rhode Island 02818, on the 24th day of November, 2004, at 9:30 a.m. before a notary public or other qualified officer at the offices of Vetter & White, 20 Washington Place, Providence, Rhode Island, and the deposition shall continue until completed as the taking thereof may be from time to time adjourned.

A subpoena duces tecum shall be served on the person to be examined. Designation of the materials to be produced as set forth in the subpoena is attached to this notice as Exhibit A and is incorporated in the notice by reference.

Gordon P. Cleary, No. 1948
VETTER & WHITE
Attorneys for Plaintiff
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Beth Jacobson, Esq.
Sullivan & Worcester, LLP
One Post Office Square
Boston, Massachusetts 02109
(617) 338-2800
(617) 338-2880 FAX

Dated: November 1, 2004

12

CERTIFICATE OF SERVICE

To:

James T. McCormick, Esq.
McKenna & McCormick
128 Dorrance Street - Suite 330
Providence, RI 02903-2814

I hereby certify that I served on the above-named counsel of record a copy of the within Notice To Take Deposition by mailing first class mail, postage prepaid, on the 1st day of November, 2004.

Lisa A. Lariviere

EXHIBIT A

The following definitions apply to the terms used in the descriptions stated below:

a. "LeBlanc" means Robert J. LeBlanc, CPA, Ltd., Robert LeBlanc Payroll Service, Tax Associates LLP, and all predecessor and affiliated firms or corporations, and all principals, agents and employees of LeBlanc, including Robert J. LeBlanc.

b. The term "document" is to be defined to include all tangible things by which information is recorded, communicated, transmitted or stored, including but not limited to letters, correspondence, notes, records, computerized records, computerized data collections or compilations, computerized correspondence files, reports, memoranda, studies, books, drawings, photographs, publications, diaries, contracts, receipts, computations, books of account, balance sheets, magnetic or phonographic recordings, transcriptions, models, prototypes, statements, invoices, tickets, itineraries, cancelled checks, front and back, or drafts, copies or reproductions of any of the foregoing, now available to LeBlanc or in the possession, care, custody or control (actual or constructive) of LeBlanc, whether the documents are in LeBlanc 's custody or control, or in the custody or control of LeBlanc's agents, employees, representatives, investigators and, unless privileged, attorneys or their agents, employees, representative or investigators.

c. "Company" means the Rhode Island corporation XLC Corp., the Delaware corporation Qualguard, Inc., and all predecessor, successor, affiliated, and subsidiary firms or corporations.

**Descriptions of Documents to be Produced**

1. All documents concerning or relating to any requests by or communications with Xavier Ballarin for payroll tax payments for the 2002 and 2003 taxable years and all documents relating thereto.

2. All documents concerning or relating to Xavier Ballarin's payment of $4,300 to LeBlanc in January, 2003, and concerning or relating to correspondence or communications about the same with the Company, Darrell Lucente, John Croy or any other agent or employee of the Company.

3. All documents concerning or relating to any payment in January, 2003 by LeBlanc from an escrow account for or on behalf of Xavier Ballarin.

4. All documents concerning or relating to two $8,000 payments by checks to Xavier Ballarin in August, 2002.

5. All documents concerning or relating to conversations and/or communications between LeBlanc, the Company, Darrell Lucente, John Croy, or any other agent or employee of the Company about two $8,000 payments by checks to Xavier Ballarin in August, 2002.

6. All documents concerning or relating to the fact or calculation of any loss of Company revenue attributable to a loss of an Internet marketing slot.

7. All documents concerning or relating to the fact or calculation of any loss of Company revenue attributable to the so-called Propel Turbo service launch.

8. All documents concerning or relating to the fact or calculation of any loss of Company revenue attributable to unresolved billing disputes.

9. All documents constituting or memorializing conversations or communications between any or all of Darrell Lucente, John Croy, and LeBlanc about Xavier Ballarin.

10. All documents provided by LeBlanc to the East Greenwich Police Department concerning or relating to Xavier Ballarin.

11. All documents concerning or relating to losses or damages allegedly sustained by the Company as a result of Xavier Ballarin's alleged acts or failures to act.

12. All documents concerning or relating to the Company's payroll for the period January 1, 2002 to August 1, 2003, including any and all entries, attempted entries, modifications and deletions relating to Xavier Ballarin.

13. All Company state and federal tax returns.

14. All Company financial statements.

15. All documents concerning or relating to the preparation of IRS Forms W-2 and 1099 for Xavier Ballarin.

16. All documents concerning or relating to any correspondence with the Internal Revenue Service or other governmental agencies about Xavier Ballarin.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| XAVIER BALLARIN, Plaintiff | ) | C.A. No. 04-278T |
| vs. | ) | |
| DARRELL LUCENTE , JOHN CROY, XLC CORP. and QUALGUARD, INC., Defendants | ) | NOTICE TO TAKE DEPOSITION |

PLEASE TAKE NOTICE THAT pursuant to R.C.P. 26 and 30, plaintiff Xavier Ballarin will take the deposition upon oral examination of the Keeper of Records of Salter, McGowan, Sylvia & Leonard, Inc., 321 South Main Street, Providence, Rhode Island 02903, on the 24th day of November, 2004, at 9:30 a.m. before a notary public or other qualified officer at the offices of Vetter & White, 20 Washington Place, Providence, Rhode Island, and the deposition shall continue until completed as the taking thereof may be from time to time adjourned.

A subpoena duces tecum shall be served on the person to be examined. Designation of the materials to be produced as set forth in the subpoena is attached to this notice as Exhibit A and is incorporated in the notice by reference.

Gordon P. Cleary, No. 1948
VETTER & WHITE
Attorneys for Plaintiff
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Beth Jacobson, Esq.
Sullivan & Worcester, LLP
One Post Office Square
Boston, Massachusetts 02109
(617) 338-2800
(617) 338-2880 FAX

Dated: November ( , 2004

CERTIFICATE OF SERVICE

To:

James T. McCormick, Esq.
McKenna & McCormick
128 Dorrance Street - Suite 330
Providence, RI 02903-2814

I hereby certify that I served on the above-named counsel of record a copy of the within Notice To Take Deposition by mailing first class mail, postage prepaid, on the 1st day of November, 2004.

Lisa A. Lariviere

EXHIBIT A

The following definitions apply to the terms used in the descriptions stated below:

a. The "Firm" means Salter, McGowan, Sylvia & Leonard, Inc.

b. The term "document" is to be defined to include all tangible things by which information is recorded, communicated, transmitted or stored, including but not limited to letters, correspondence, notes, records, computerized records, computerized data collections or compilations, computerized correspondence files, reports, memoranda, studies, books, drawings, photographs, publications, diaries, contracts, receipts, computations, books of account, balance sheets, magnetic or phonographic recordings, transcriptions, models, prototypes, statements, invoices, tickets, itineraries, cancelled checks, front and back, or drafts, copies or reproductions of any of the foregoing, now available to the Firm or in the possession, care, custody or control (actual or constructive) of the Firm, whether the documents are in the Firm's custody or control, or in the custody or control of the Firm's agents, employees, representatives, investigators and, unless privileged, attorneys or their agents, employees, representative or investigators.

c. The "Company" means the Rhode Island corporation XLC Corp., the Delaware corporation Qualguard, Inc., and all predecessor, successor, affiliated, and subsidiary corporations and firms.

**Descriptions of Documents to be Produced**

1. All documents concerning or relating to bills or statements for services rendered by the Firm to the Company and/or Darrell Lucente, John Croy and Xavier Ballarin as shareholders, officers or directors of the Company during the period September 1, 2001 to June 11, 2003.

2. All documents concerning or relating to correspondence and communications between the Firm and the Company, and/or Darrell Lucente, John Croy and Xavier Ballarin as shareholders, officers or directors of the Company during the period September 1, 2001 to June 11, 2003.

3. All documents concerning or relating to corporate, director and shareholder documents, minutes, resolutions, agreements and government filings for the states of Rhode Island and Delaware prepared by the Firm for the Company, and/or Darrell Lucente, John Croy and Xavier Ballarin as shareholders, officers or directors of the Company during the period September 1, 2001 to the present.