**Issued by the**

# UNITED STATES DISTRICT COURT

**DISTRICT OF**
RHODE ISLAND

XAVIER BALLARIN,
Plaintiff
**V.**
DARRELL LUCENTE, JOHN CROY,
XLC CORP. and QUALGUARD, INC.,
Defendants

## SUBPOENA IN A CIVIL CASE

**CASE NUMBER:**[1] 04-278T

**TO:** Keeper of Records, Robert J. LeBlanc, CPA, Ltd., 1050 Main Street - Suite 6, East Greenwich, RI 02818

☐ **YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.**

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| Irene Pesarello | DATE AND TIME |

☐ **YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.**

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ **YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):**

Please see Exhibit A attached hereto. Please note you do not need to appear. Mail a copy of the requested records to the address below certifying that they are complete and accurate copies of all available records.

| PLACE | DATE AND TIME |
|---|---|
| Vetter & White, 20 Washington Place, Providence, RI 02903 | November 24, 2004, at 9:30 a.m. |

☐ **YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.**

| PREMISES | DATE AND TIME |
|---|---|
| | |

**Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).**

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Gordon P. Cleary Atty for Plaintiff | November 1, 2004 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Gordon P. Cleary, No. 1948, Vetter & White, 20 Washington Place, Providence, RI 02903
Tel. (401) 421-3060

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

14

AO 88 (Rev. 1/94) Subpoena in a Civil Case

FILED

2004 NOV -5 A 10: 10

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

## PROOF OF SERVICE

DATE 11-2-04 PLACE 1050 MAIN STREET EAST GREENWICH

SERVED Robert J. LeBlanc — Keeper of Records

SERVED ON (PRINT NAME) MANNER OF SERVICE

Thomas J. Sherman — Constable

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 11-2-04
DATE

[signature] #6102
SIGNATURE OF SERVER

111 Wunnegin Circle
ADDRESS OF SERVER
Warwick RI

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A

The following definitions apply to the terms used in the descriptions stated below:

a. "LeBlanc" means Robert J. LeBlanc, CPA, Ltd., Robert LeBlanc Payroll Service, Tax Associates LLP, and all predecessor and affiliated firms or corporations, and all principals, agents and employees of LeBlanc, including Robert J. LeBlanc.

b. The term "document" is to be defined to include all tangible things by which information is recorded, communicated, transmitted or stored, including but not limited to letters, correspondence, notes, records, computerized records, computerized data collections or compilations, computerized correspondence files, reports, memoranda, studies, books, drawings, photographs, publications, diaries, contracts, receipts, computations, books of account, balance sheets, magnetic or phonographic recordings, transcriptions, models, prototypes, statements, invoices, tickets, itineraries, cancelled checks, front and back, or drafts, copies or reproductions of any of the foregoing, now available to LeBlanc or in the possession, care, custody or control (actual or constructive) of LeBlanc, whether the documents are in LeBlanc 's custody or control, or in the custody or control of LeBlanc's agents, employees, representatives, investigators and, unless privileged, attorneys or their agents, employees, representative or investigators.

c. "Company" means the Rhode Island corporation XLC Corp., the Delaware corporation Qualguard, Inc., and all predecessor, successor, affiliated, and subsidiary firms or corporations.

## Descriptions of Documents to be Produced

1. All documents concerning or relating to any requests by or communications with Xavier Ballarin for payroll tax payments for the 2002 and 2003 taxable years and all documents relating thereto.

2. All documents concerning or relating to Xavier Ballarin's payment of $4,300 to LeBlanc in January, 2003, and concerning or relating to correspondence or communications about the same with the Company, Darrell Lucente, John Croy or any other agent or employee of the Company.

3. All documents concerning or relating to any payment in January, 2003 by LeBlanc from an escrow account for or on behalf of Xavier Ballarin.

4. All documents concerning or relating to two $8,000 payments by checks to Xavier Ballarin in August, 2002.

5. All documents concerning or relating to conversations and/or communications between LeBlanc, the Company, Darrell Lucente, John Croy, or any other agent or employee of the Company about two $8,000 payments by checks to Xavier Ballarin in August, 2002.

6. All documents concerning or relating to the fact or calculation of any loss of Company revenue attributable to a loss of an Internet marketing slot.

7. All documents concerning or relating to the fact or calculation of any loss of Company revenue attributable to the so-called Propel Turbo service launch.

8. All documents concerning or relating to the fact or calculation of any loss of Company revenue attributable to unresolved billing disputes.

9. All documents constituting or memorializing conversations or communications between any or all of Darrell Lucente, John Croy, and LeBlanc about Xavier Ballarin.

10. All documents provided by LeBlanc to the East Greenwich Police Department concerning or relating to Xavier Ballarin.

11. All documents concerning or relating to losses or damages allegedly sustained by the Company as a result of Xavier Ballarin's alleged acts or failures to act.

12. All documents concerning or relating to the Company's payroll for the period January 1, 2002 to August 1, 2003, including any and all entries, attempted entries, modifications and deletions relating to Xavier Ballarin.

13. All Company state and federal tax returns.

14. All Company financial statements.

15. All documents concerning or relating to the preparation of IRS Forms W-2 and 1099 for Xavier Ballarin.

16. All documents concerning or relating to any correspondence with the Internal Revenue Service or other governmental agencies about Xavier Ballarin.