UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| XAVIER BALLARIN, Plaintiff | ) | C.A. No. 04-278T |
| vs. | ) | |
| DARRELL LUCENTE , JOHN CROY, XLC CORP. and QUALGUARD, INC., Defendants | ) | |

MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Pursuant to F.R.C.P. 37, plaintiff Xavier Ballarin moves to compel defendants and counterclaimants to produce documents in accordance with plaintiff's request for production served on October 21, 2004. As grounds for this motion, plaintiff respectfully represents that, save for a number of largely irrelevant e-mails, defendants have not produced documents in accordance with plaintiff's request. A true copy of plaintiff's request to produce is attached.

Plaintiff's counsel hereby certifies that counsel for the parties have conferred in good faith to attempt to resolve this dispute prior to the filing of this motion. Pursuant to Local Rule 12(a), no separate memorandum need be filed with this motion.

Gord P Cy

Gordon P. Cleary, No. 1948
VETTER & WHITE
Attorneys for Plaintiff
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Beth Jacobson, Esq.
Sullivan & Worcester, LLP
One Post Office Square
Boston, Massachusetts 02109
(617) 338-2800
(617) 338-2880 FAX

Dated: February 22 , 2005

16

CERTIFICATE OF SERVICE

To:

James T. McCormick, Esq.
McKenna & McCormick
128 Dorrance Street - Suite 330
Providence, RI 02903-2814

I hereby certify that I served on the above-named counsel of record a copy of the within Motion To Compel Production of Documents by mailing first class mail, postage prepaid, on the 22nd day of February, 2005.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| XAVIER BALLARIN, Plaintiff | ) | C.A. No. 04-278T |
| vs. | ) | |
| DARRELL LUCENTE , JOHN CROY, XLC CORP. and QUALGUARD, INC., Defendants | ) | |

PLAINTIFF'S REQUEST TO PRODUCE
TO DEFENDANTS AND COUNTERCLAIMANTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff demands that defendants and counterclaimants produce, for inspection and copying, at 20 Washington Place, Providence, Rhode Island, on or before (thirty) (30) days from service, the following documents, pursuant to the following definitions.

DEFINITIONS AND INSTRUCTIONS

(a) The term "document" is to be defined to include all tangible things by which human communication is transmitted or stored, including but not limited to letters, correspondence, notes, records, computerized records, computerized data collections or compilations, computerized correspondence files, reports, memoranda, studies, books, drawings, photographs, publications, diaries, contracts, receipts, computations, books of account, balance sheets, magnetic or phonographic recordings, transcriptions, models, prototypes, statements, invoices, tickets, itineraries, cancelled checks, front and back, or drafts, copies or reproductions of any of the foregoing, now available to said defendants and counterclaimants or in the possession, care, custody or control (actual or constructive) of said defendants and counterclaimants, whether the documents are in defendants and counterclaimants' custody or control, or in the custody or

control of defendants and counterclaimants' agents, employees, representatives, investigators and, unless privileged, attorneys or their agents, employees, representative or investigators.

(b) All requests for documents are to be interpreted to refer to documents issued, produced, circulated or in use by said defendants and counterclaimants at any time whatsoever, unless specified above.

(c) For purposes of these requests, the term "XLC" shall refer to the Rhode Island corporation XLC Corp. and all its predecessor, successor, affiliated and subsidiary corporations.

(d) For purposes of these requests, the term "Qualguard" shall refer to the Delaware corporation Qualguard, Inc., and all its predecessor, successor, affiliated and subsidiary corporations.

(e) For purposes of these requests, the term "Companies" shall refer to XLC and Qualguard, as defined above.

(f) To the extent an objection is interposed to any of these requests on the ground of the attorney-client privilege, please provide a privilege log identifying all documents withheld on the grounds of the privilege, the date of each such document, the nature of each such document (e.g., correspondence), and the basis on which the privilege is asserted as to each such document (e.g., attorney-client communication).

REQUEST NO. 1:

The Companies' financial statements for XLC for the years 2001, 2002, 2003 and the first three quarters of 2004.

REQUEST NO. 2:

The minutes and resolutions of the Companies' stockholder and director meetings during the period November 3, 2000 to the present.

REQUEST NO. 3:

All the Companies' Stockholders Consent to Action Without a Meeting during the period November 3, 2000 to present.

REQUEST NO. 4:

The Companies' stock ledgers.

REQUEST NO. 5:

All e-mails by and between Darrell Lucente, John Croy, and Xavier Ballarin, in any combination of two or more of them, during the period November 3, 2000 to the present.

REQUEST NO. 6:

All bills or statements for services rendered by Salter, McGowan, Sylvia & Leonard, Inc. and all correspondence, memoranda and documents provided by Salter, McGowan, Sylvia & Leonard, Inc to the Companies, and/or Darrell Lucente, John Croy and Xavier Ballarin as shareholders, officers or directors of the Companies, during the period January 1, 2002 to July 8, 2004.

REQUEST NO. 7:

With respect to defendants' and counterclaimants' pleadings in this matter, all documents that defendants and counterclaimants may use to support their defenses or claims that:

a. Xavier Ballarin "received a work permit from the INS on or about August 29, 2002." (Answer, ¶14)

b. Xavier Ballarin "was not paid with respect to the ISP business until September 17, 2002." (Answer, ¶14)

c. "A condition of stock issuance to [Xavier Ballarin was] satisfactory performance of assigned duties." (Answer, ¶29)

d. Xavier Ballarin "breached his fiduciary duties to the individual and corporate defendants by committing acts of forgery and embezzlement." (Answer, ¶29)

e. "There is substantial evidence that [Xavier Ballarin] has committed ... criminal acts." (Answer, ¶30)

f. "Defendants entered into a verbal agreement with Ballarin pursuant to which Ballarin agreed to return the stock issued to him in the event he could not satisfactorily perform his job duties." (Answer, ¶44)

g. "Ballarin breached the agreement by failing to perform his duties and by engaging in forgery and embezzlement." (Answer, ¶45)

h. Xavier Ballarin "breached his agreement with defendants by failing to satisfactorily perform his job duties by willfully or recklessly neglecting his duties." (Aff. Def. 3)

i. Xavier Ballarin "breached his agreement with defendants by ... engaging in the conversion of corporate funds for his own benefit." (Aff. Def. 3)

j. "Darrell Lucente never authorized Ballarin to sign his name to" check No. 2309. (Counterclaim, ¶3)

k. "Darrell Lucente never authorized Ballarin to sign his name to check No. 2322." (Counterclaim, ¶7)

l. "Darrell Lucente made demand loans by personal check to Xavier Ballarin." (Counterclaim, ¶10)

m. "Lucente has demanded ... Ballarin repay these loans." (Counterclaim, ¶11)

n. "By late December 2002 it had become apparent that ... Ballarin's performance of these duties and other assign[sic] tasks was deficient in that he was negligent, including gross negligence, and willfully derelict in carrying out and performing these assigned tasks ..." (Counterclaim, ¶15)

o. "Ballarin's performance of these duties ... all result[ed] in substantial monetary loss to the corporation ..." (Counterclaim, ¶15)

p. "Ballarin failed to renew a contract leading to the loss of customer acquisition." (Counterclaim, ¶16)

q. "Ballarin ... failed to respond to approximately 6,000 billing e-mails, resulting in a significant loss of customers, and receiving profit as well as damage to the brand image." (Counterclaim, ¶16)

r. Ballarin "failed to conduct any or proper due diligence before selecting a wholesale provider of ISP services ... resulting in a significant loss to customers." (Counterclaim, ¶16)

s. Ballarin "failed to monitor a domain registration, resulting in the expiration of the registration and loss of a website's availability to customers ..." (Counterclaim, ¶16)

t. Ballarin "'moved' fourth quarter 2002 accounts payable to the first quarter 2003 resulting in misleading financial statements for such periods." (Counterclaim, ¶16)

u. "XLC Corp. incurred damages ... totalling not less than $466,000 as a result of Ballarin's repeatedly negligent and willfully derelict actions, conduct and failures." (Counterclaim, ¶17)

v. The issuance of stock in the former Qualguard, Inc. and stock in Qualguard, Inc. the Delaware corporation "was pursuant to a verbal agreement between" Ballarin and Darrell Lucente. (Counterclaim, ¶¶20, 22)

w. "The terms of said agreement ... required Xavier Ballarin to surrender his shares in both corporations in the event he was unable to fulfill his duties to XLC Corp." (Counterclaim, ¶23)

x. "Darrell Lucente demanded that Ballarin return his shares in both corporations." (Counterclaim, ¶24)

y. "In late December 2002 it became apparent that Ballarin was unable to fulfill his duties ..." (Counterclaim, ¶24)

z. "At the time of the issuance of stock to Ballarin ... [he] had surreptitiously engaged in wrongful conduct injurious to the Corporations, namely the wrongful issuance to himself of 2 checks in the amount of $8,000 each ..." (Counterclaim, ¶26)

<u>REQUEST NO. 8</u>:

The Companies' federal and state tax returns for the years 2001, 2002 and 2003.

REQUEST NO. 9:

All documents defendants and counterclaimants, or any one or more of them, provided or displayed to the East Greenwich Police Department.

REQUEST NO. 10:

All documents which defendants and counterclaimants may use to support their claim that XLC incurred damages as a result of plaintiff's "actions, conduct and failures." (Counterclaim, ¶17)

REQUEST NO. 11:

All documents which defendants and counterclaimants may use to support their claim that XLC incurred damages "totalling not less than $466,000." (Counterclaim, ¶18)

REQUEST NO. 12:

All documents constituting or memorializing communications between defendants and counterclaimants and Robert LeBlanc, or his employees or agents, concerning plaintiff from November 3, 2000 to the present.

REQUEST NO. 13:

All lists of the Companies' officers, employees, agents and contract professionals or consultants for the period November 3, 2000 to the present.

REQUEST NO. 14:

All documents comprising Xavier Ballarin's personnel file.

REQUEST NO. 15:

All checks, front and back, Darrell Lucente made payable to Xavier Ballarin during the period November 3, 2000 to July 8, 2003.

<u>REQUEST NO. 16</u>:

All checks, front and back, Darrell Lucente received from the Companies during the period November 3, 2000 to July 8, 2003.

<u>REQUEST NO. 17</u>:

All checks, front and back, Xavier Ballarin received from the Companies, or from anyone else on behalf of either of the Companies, during the period November 3, 2000 to July 8, 2003.

<u>REQUEST NO. 18</u>:

All lists of checks written by Xavier Ballarin, for review by Darrell Lucente, during the period November 3, 2000 to July 8, 2003.

<u>REQUEST NO. 19</u>:

The Companies' annual payroll records, and records of fees paid agents and contract professionals or consultants, covering the period November 3, 2000 to the present.

<u>REQUEST NO. 20</u>:

The Companies' payroll records, including all entries, attempted entries, modifications and deletions relating to Xavier Ballarin.

<u>REQUEST NO. 21</u>:

All documents referring to or stating the terms of the agreement alleged in paragraphs 20 and 22 of the counterclaim.

<u>REQUEST NO. 22</u>:

All documents showing that Xavier Ballarin was negligent or derelict in the performance of his work duties.

REQUEST NO. 23:

All documents concerning or relating to sale, negotiations to sell, or assignment or other transfer of assets, operations or lines of business of the Companies.

Gordon P. Cleary, No. 1948
VETTER & WHITE
Attorneys for Plaintiff
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Beth Jacobson, Esq.
Sullivan & Worcester, LLP
One Post Office Square
Boston, Massachusetts 02109
(617) 338-2800
(617) 338-2880 FAX

Dated: October 21, 2004

CERTIFICATE OF SERVICE

To:

James T. McCormick, Esq.
McKenna & McCormick
128 Dorrance Street - Suite 330
Providence, RI 02903-2814

I hereby certify that I served on the above-named counsel of record a copy of the within Plaintiff's Request To Produce to Defendants and Counterclaimants by hand delivery on the 21st day of October, 2004.

Lisa A. Laurence

CERTIFICATE OF SERVICE

To:

James T. McCormick, Esq.
McKenna & McCormick
128 Dorrance Street - Suite 330
Providence, RI 02903-2814

I hereby certify that I served on the above-named counsel of record a copy of the within Motion To Compel Production of Documents by mailing first class mail, postage prepaid, on the day of February, 2005.

______________________________