UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| XAVIER BALLARIN, Plaintiff | ) | C.A. No. 04-278T |
| vs. | ) | |
| DARRELL LUCENTE , JOHN CROY, XLC CORP. and QUALGUARD, INC., Defendants | ) | |

MOTION TO ENLARGE DISCOVERY CUT-OFF DATE

Plaintiff Xavier Ballarin hereby moves that the discovery cut-off date be enlarged from May 30, 2005 to July 29, 2005, and the attendant dates for motions and the pretrial memorandum be enlarged accordingly. As grounds therefor, and as described in the supporting memorandum filed herewith, discovery in this case is thoroughly bollixed, and additional time to prepare the case is needed urgently.

Gordon P. Cleary, No. 1948
VETTER & WHITE
Attorneys for Plaintiff
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Beth Jacobson, Esq.
Sullivan & Worcester, LLP
One Post Office Square
Boston, Massachusetts 02109
(617) 338-2800
(617) 338-2880 FAX

Dated: April 11, 2005

23

CERTIFICATE OF SERVICE

To:

James T. McCormick, Esq.
McKenna & McCormick
128 Dorrance Street - Suite 330
Providence, RI 02903-2814

I hereby certify that I served on the above-named counsel of record a copy of the within Motion To Enlarge Discovery Cut-Off Date by mailing first class mail, postage prepaid, on the 11th day of April, 2005.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| XAVIER BALLARIN, Plaintiff | ) | C.A. No. 04-278T |
| vs. | ) | |
| DARRELL LUCENTE , JOHN CROY, XLC CORP. and QUALGUARD, INC., Defendants | ) | |

MEMORANDUM IN SUPPORT OF MOTION
TO ENLARGE DISCOVERY CUT-OFF DATE BY TWO MONTHS

Plaintiff Xavier Ballarin requests a two-month enlargement of the discovery cut-off date, and corresponding enlargement of the remainder of the pretrial order deadlines. The reason for the request is that defendants have failed to provide basic discovery, and propose to do so only three weeks before the current discovery cut-off date.

This is a minority stockholder's freeze-out complaint for the value of his shares in a corporation. Plaintiff Xavier Ballarin, as one-third stockholder in XCL Corp. and Qualguard, Inc., founded those two corporations with defendants Darrell Lucente and John Croy. The three men ran the corporations during 2002 and into 2003 until June of 2003, when Lucente and Croy forced Ballarin out and declared his stock void. The crucial events in the case took place during 2002 and 2003.

In response to the complaint, defendants answered and filed a six count counterclaim alleging fraud, conversion of corporate funds, breach of fiduciary duty, breach of contract, wilful non-performance of corporate duties, and debt on loan. Defendants assert as affirmative defenses to plaintiff's claim essentially the same acts and omissions as alleged in the counterclaim.

Plaintiff Ballarin has diligently produced and pursued discovery, but has had to drag information out of defendants, who have failed woefully in discharging their discovery obligations. The status of discovery is this:

Defendants Failed To Make Mandatory Initial Disclosures

Under F.R.C.P. 26(a)(1), a party must disclose to the other party, without awaiting a discovery request, a copy of all documents and other tangible things the disclosing "party may use to support its claims or defenses."

On October 21, 2004, plaintiff submitted Initial Disclosures to defendants consisting, among other matters, of more than four hundred pages of documents plaintiff may use.

By letters dated October 21, 2004, December 15, 2004, December 28, 2004, January 26, 2005, and March 11, 2005, and verbally, plaintiff requested defendants to make their Initial Disclosures. To date, defendants have not done so. The Initial Disclosure provision in F.R.C.P. 26 is designed to accelerate the exchange of basic information about the case. Instead, because of defendants' actions, it has slowed down the exchange of information because plaintiff is forced to discover documents that should have been turned over without the time and expense of formal discovery.

Defendants' Foot-dragging Responses to the Request to Produce

Plaintiff served a request to produce documents on October 21, 2004. Many of the requests concerned the six count counterclaim.

Defendants produced nothing until December 20, 2004, when a packet of e-mails was turned over. The production that followed has been sporadic, spotty and incomplete as to the key issues in the case. On February 22, 2005, plaintiff filed a motion to compel, which was

granted. On March 3, 2005, defendants filed a response to the request to produce, which failed to disclose crucial information. For example:

- The response to eight requests was "to be provided."
- The response to six requests was "no documents presently available," or "no documents presently known" or "no known documents."
- Defendants failed to produce e-mails from a 2002 computer drive, even though they still have the drive in their possession and have used it from time to time.
- Of the 145 pages of paper produced with the response, 135 pages were merely lists of numbers.
- The bulk of the remaining 11 pages purport to be summaries of documents or data, but the underlying documents or data were not produced.

Defendants' failure to produce all requested documents has handcuffed plaintiff's discovery, because depositions could go forward only on incomplete information and will therefore be incomplete. **Moreover, defendants want until May 6, 2005, a mere three weeks from the close of discovery, to provide the remaining documents requested, and to provide answers to interrogatories propounded February 22, 2005.**

Documents Promised at Mediation

The parties have participated in one mediation session, on February 23, 2005, with another scheduled for May 5, 2005. At the conclusion of the first session, defendants reported that they would furnish to plaintiff, for purposes of plaintiff's valuation of the corporations, recent financials, recent subscriber base numbers, documents demonstrating trends in the industry, and documents concerning a two million dollar guarantee defendants say they will be providing to creditors.

To date, defendants have produced none of those documents. The failure of defendants to produce these documents has hindered the discovery process and free flow of

information. Plaintiff has also been precluded from proceeding with his expert valuation because he does not have the necessary documents to do so.

CONCLUSION

In sum, plaintiff has been deprived of key discovery, information essential for the next mediation is still in limbo, and defendants want until twenty-four days before the close of discovery to produce discovery they already owe. In the meantime, plaintiff can take no meaningful depositions, and cannot supply his expert with the financial information he needs to appraise the value of the defendant corporations. Plaintiff respectfully requests that the motion to enlarge be granted.

Gordon P. Cleary, No. 1948
VETTER & WHITE
Attorneys for Plaintiff
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Beth Jacobson, Esq.
Sullivan & Worcester, LLP
One Post Office Square
Boston, Massachusetts 02109
(617) 338-2800
(617) 338-2880 FAX

Dated: April 11, 2005

CERTIFICATE OF SERVICE

To:

James T. McCormick, Esq.
McKenna & McCormick
128 Dorrance Street - Suite 330
Providence, RI 02903-2814

I hereby certify that I served on the above-named counsel of record a copy of the within Memorandum in Support of Motion To Enlarge Discovery Cut-Off Date by Two Months by mailing first class mail, postage prepaid, on the 11th day of April, 2005.

Lisa A. Larivee

3 20

FILED