UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

XAVIER BALLARIN, Plaintiff ) C.A. No. 04-278T

vs.

DARRELL LUCENTE, JOHN CROY, XLC CORP. and QUALGUARD, INC., Defendants

SECOND AMENDED NOTICE TO TAKE DEPOSITION

PLEASE TAKE NOTICE THAT pursuant to F.R.C.P. 30(b)(6), plaintiff Xavier Ballarin will take the deposition upon oral examination of defendant XLC Corp. on the 31st day of May, 2005, at 9:30 a.m. before a notary public or other qualified officer at the offices of Vetter & White, 20 Washington Place, Providence, Rhode Island, and the deposition shall continue until completed as the taking thereof may be from time to time adjourned.

Pursuant to F.R.C.P. 30(b)(6), XLC Corp. shall designate one or more officers, directors or managing agents or other persons who consent to testify on its behalf. **The persons so designated shall testify as to matters known or reasonably available to XLC Corp.** The designated person or persons shall be prepared to be examined on and testify to the matters stated in Schedule A attached hereto.

Gordon P. Cleary, No. 1948
VETTER & WHITE
Attorneys for Plaintiff
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Beth Jacobson, Esq.
Sullivan & Worcester, LLP
One Post Office Square
Boston, Massachusetts 02109
(617) 338-2800
(617) 338-2880 FAX

Dated: May 19, 2005

27

CERTIFICATE OF SERVICE

To:

James T. McCormick, Esq.
McKenna & McCormick
128 Dorrance Street - Suite 330
Providence, RI 02903-2814

I hereby certify that I served on the above-named counsel of record a copy of the within Second Amended Notice To Take Deposition by mailing first class mail, postage prepaid, on the 19th day of May, 2005.

Lisa A. Lamoureux

**SCHEDULE A**

Instructions

For purposes of this Schedule, the term "XLC" shall refer to the Rhode Island corporation XLC Corp. and all its predecessor, successor, affiliated and subsidiary corporations.

A. The paper files, and paper filing system, maintained by XLC during the period 2000 to the present, for e-mails, financial documents, and employee evaluations.

B. The make, model, and network name of computers used by Darrell Lucente, John Croy and Xavier Ballarin for storing or transmitting e-mail during the period 2000 through July 1, 2003.

C. The system, means and existence of any back-up files that may have been made for the computers described in A and B above.

D. As to the computer or computers used by Darrell Lucente in 2001, 2002, and 2003 for storing or transmitting e-mails:

a. the uses, including experimental uses;

b. the periods of use;

c. any changes in hardware;

d. any changes in operating systems;

e. any changes in software;

f. any complete or partial back-up files or drives which may have been created;

g. any complete or partial file or drive copies which may have been created; and

h. the present condition and location.

E. The methods and means used by XLC to respond to plaintiff's request for production.

F. The source of the e-mails attached to defendants' answers to interrogatories.