UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| XAVIER BALLARIN, Plaintiff | ) | C.A. No. 04-278T |
| vs. | ) | |
| DARRELL LUCENTE , JOHN CROY, XLC CORP. and QUALGUARD, INC., Defendants | ) | |

MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Pursuant to F.R.C.P. 37, plaintiff Xavier Ballarin moves to compel defendants and counterclaimants to produce or identify documents as follows:

A. All documents "to be provided," as stated in defendants' response to plaintiff's October 21, 2004 Request to Produce Nos. 14, 15, 16, 18 and 20.

B. The e-mails referred to but unidentified in defendants' response to Plaintiff's October 21, 2004 Request to Produce No. 22.

C. Larger and legible copies of defendant Croy's check Nos. 1762 and 1927, front and back, pursuant to Plaintiff's Third Request to Produce No. 1.

D. All documents requested by Plaintiff's Third Request to Produce No. 2 and Fourth Request to Produce No. 3 relating to defendant Croy's stock ownership or interest, and stock certificate.

E. All documents requested by Plaintiff's Third Request to Produce No. 3.

F. All documents requested by Plaintiff's Fourth Request to Produce Nos. 4, 5, 6 and 7.

G. All documents requested by Plaintiff's Fifth Request to Produce No. 1.

H. Identification or copies of entries in the check ledgers, the e-mails and the accounting ledgers referred to in defendants' response to Plaintiff's First Request to Admit Nos. 3, 7 and 8.

I. The comprehensive report by John Broussard, defendants' economic expert.

Pursuant to Local Rule 13(a), true copies of the pertinent portions of plaintiff's discovery requests are attached. Plaintiff's counsel hereby certifies that counsel for the parties have conferred in good faith to attempt to resolve this dispute prior to the filing of this motion. Pursuant to Local Rule 12(a), no separate memorandum need be filed with this motion.

Gordon P. Cleary, No. 1948
VETTER & WHITE
Attorneys for Plaintiff
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Beth Jacobson, Esq.
Sullivan & Worcester, LLP
One Post Office Square
Boston, Massachusetts 02109
(617) 338-2800
(617) 338-2880 FAX

Dated: August 24, 2005

CERTIFICATE OF SERVICE

To:

James T. McCormick, Esq.
McKenna & McCormick
128 Dorrance Street - Suite 330
Providence, RI 02903-2814

I hereby certify that I served on the above-named counsel of record a copy of the within Motion To Compel Production of Documents by mailing first class mail, postage prepaid, on the 24th day of August, 2005.

Lisa A. Lariviere

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| XAVIER BALLARIN, Plaintiff | ) | C.A. No. 04-278T |
| vs. | ) | |
| DARRELL LUCENTE , JOHN CROY, XLC CORP. and QUALGUARD, INC., Defendants | ) | |

**PLAINTIFF'S REQUEST TO PRODUCE**
**TO DEFENDANTS AND COUNTERCLAIMANTS**

**Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff demands that defendants and counterclaimants produce, for inspection and copying, at 20 Washington Place, Providence, Rhode Island, on or before (thirty) (30) days from service, the following documents, pursuant to the following definitions.**

REQUEST NO. 16:

All checks, front and back, Darrell Lucente received from the Companies during the period November 3, 2000 to July 8, 2003.

REQUEST NO. 17:

All checks, front and back, Xavier Ballarin received from the Companies, or from anyone else on behalf of either of the Companies, during the period November 3, 2000 to July 8, 2003.

REQUEST NO. 18:

All lists of checks written by Xavier Ballarin, for review by Darrell Lucente, during the period November 3, 2000 to July 8, 2003.

**OCTOBER 21, 2004 REQUEST TO PRODUCE**

REQUEST NO. 20:

The Companies' payroll records, including all entries, attempted entries, modifications and deletions relating to Xavier Ballarin.

REQUEST NO. 21:

All documents referring to or stating the terms of the agreement alleged in paragraphs 20 and 22 of the counterclaim.

REQUEST NO. 22:

All documents showing that Xavier Ballarin was negligent or derelict in the performance of his work duties.



**OCTOBER 21, 2004 REQUEST TO PRODUCE**

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| XAVIER BALLARIN, Plaintiff | ) | C.A. No. 04-278T |
| vs. | ) | |
| DARRELL LUCENTE , JOHN CROY, XLC CORP. and QUALGUARD, INC., Defendants | ) | |

PLAINTIFF'S THIRD REQUEST TO PRODUCE
TO DEFENDANTS AND COUNTERCLAIMANTS

**Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff demands that defendants and counterclaimants produce, for inspection and copying, at 20 Washington Place, Providence, Rhode Island, on or before (thirty) (30) days from service, the following documents, pursuant to the following definitions.**

REQUEST NO. 1:

Copies of all checks, front and back, and any and all other documentary proofs of payment concerning or relating to John Croy's payment for stock in the Companies during the period 1999 to the present.

REQUEST NO. 2:

Copies of any and all other documents concerning or relating to John Croy's ownership or stock interest as described by Darrell Lucente during the June 8, 2005 30(b)(6) deposition.

REQUEST NO. 3:

Copies of all documents concerning or relating to charge backs, or other returns of customer payment, and account cancellations, for or as a result of the approximately 6,000 unanswered billing e-mails alleged in defendants' answer to Interrogatory No. 5.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

XAVIER BALLARIN, Plaintiff ) C.A. No. 04-278T

vs.

DARRELL LUCENTE , JOHN CROY, XLC CORP. and QUALGUARD, INC., Defendants

PLAINTIFF'S FOURTH REQUEST TO PRODUCE
TO DEFENDANTS AND COUNTERCLAIMANTS

**Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff demands that defendants and counterclaimants produce, for inspection and copying, at 20 Washington Place, Providence, Rhode Island, on or before (thirty) (30) days from service, the following documents, pursuant to the following definitions.**

r8\\

REQUEST NO. 3:

A copy of the stock certificate created for John Croy at the inception of the Company, as referred to at pages 57 and 60 of the June 7, 2005 deposition of XLC.

REQUEST NO. 4:

All documents showing liabilities, obligations, costs or expenses XLC Corp. incurred or assumed for the benefit of Qualguard, Inc. (Delaware) during the period January 1, 2004 to the present.

REQUEST NO. 5:

All documents showing payments by Qualguard, Inc. (Delaware), and the reasons for such payments, to XLC Corp. during the period January 1, 2004 to the present.

REQUEST NO. 6:

All documents showing monthly Yahoo, Google or Overture advertising placements or expenses per each domain name maintained by the Companies for the period January 1, 2004 to the present.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

XAVIER BALLARIN, Plaintiff ) C.A. No. 04-278T

vs.

DARRELL LUCENTE , JOHN CROY, XLC CORP. and QUALGUARD, INC., Defendants )

PLAINTIFF'S FIFTH REQUEST TO PRODUCE
TO DEFENDANTS AND COUNTERCLAIMANTS

**Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff demands that defendants and counterclaimants produce, for inspection and copying, at 20 Washington Place, Providence, Rhode Island, on or before (thirty) (30) days from service, the following documents, pursuant to the following definitions.**

REQUEST NO. 1:

All SMTP (Simple Mail Transfer Protocol) log files for e-mail servers used by the Companies, under any and all domain names, during the period January 1, 2001 to July 1, 2003.

Gordon P. Cleary, No. 1948
VETTER & WHITE
Attorneys for Plaintiff
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Beth Jacobson, Esq.
Sullivan & Worcester, LLP
One Post Office Square
Boston, Massachusetts 02109
(617) 338-2800
(617) 338-2880 FAX

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF RHODE ISLAND

RECEIVED
VETTER & WHITE

XAVIER BALLARIN

VS. C. A. NO. 04-278T

DARRELL LUCENTE, JOHN CROY,
XLC CORP. and QUALGUARD, INC.

**DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS**

<u>Request No. 1</u>: Defendants have no documents to support their allegation that a condition of stock issuance to Xavier Ballarin was satisfactory performance of assigned duties.

**<u>Response No. 1</u>:** Admitted.

<u>Request No. 2</u>: Defendants have no documents to support their allegation that defendants entered into a verbal agreement with Xavier Ballarin pursuant to which Ballarin agreed to return the stock issued to him in the event he could not satisfactorily perform his job duties.

**<u>Response No. 2</u>:** Admitted.

<u>Request No. 3</u>: Defendants have no documents to support their allegation that Darrell Lucente never authorized Xavier Ballarin to sign his name to check No. 2309 or check No. 2322.

**<u>Response No. 3</u>:** Denied. There are no documents specifically directing Xavier Ballarin not to sign checks numbered 2309 or 2322. However, the checks themselves, other checks signed by Xavier Ballarin around the time of Nos. 2309 and 2322, entries in the check ledgers for said checks and documents provided by accountant Robert LeBlanc concerning his dealings with Xavier Ballarin with reference to check Nos. 2309 and 2322 are circumstantial evidence that Xavier Ballarin was not authorized to sign the two checks.

Request No. 4: Defendants have no documents to support their allegation that Darrell Lucente demanded that Xavier Ballarin repay loans.

**Response No. 4:** Admitted.

Request No. 5: Defendants have no documents, except those provided by or on behalf of Xavier Ballarin during this litigation, to support their allegation that Xavier Ballarin received a work permit from the INS on or about August 29, 2002.

**Response No. 5:** Admitted.

Request No. 6: Defendants have no documents to support their allegation that Xavier Ballarin failed to conduct any proper due diligence before selecting a wholesale provider of ISP services, resulting in a significant loss to or of customers.

**Response No. 6:** Admitted. However, there are no documents which establish that Mr. Ballarin did exercise due diligence.

Request No. 7: Defendants have no documents to support their allegation that Xavier Ballarin failed to monitor a domain registration, resulting in the expiration of the registration and loss of a website's availability to customers.

**Response No. 7:** Denied. There are e-mails among those produced by defendants which support this allegation. These e-mails will be specifically identified at a later date.

Request No. 8: Defendants have no documents to support their allegation that Xavier Ballarin moved fourth quarter 2002 accounts payable to the first quarter 2003, resulting in misleading financial statements for such periods.

**Response No. 8:** Denied. The accounting ledgers produced by accountant Robert LeBlanc support this allegation.

Request No. 9: Defendants have no documents to support their allegation that stock in XLC Corp., the former Qualguard, Inc. and stock in the Delaware corporation Qualguard, Inc. was issued to Xavier Ballarin pursuant to a verbal agreement between Xavier Ballarin and Darrell Lucente.

**Response No. 9:** Admitted that no documents comprise or refer to such agreement. However, corporation documents which show that no payment for shares of stock was demanded of or made by Mr. Ballarin support such agreement.