UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF RHODE ISLAND

XAVIER BALLARIN

VS. C. A. NO. 04-278T

DARRELL LUCENTE, JOHN CROY,
XLC CORP. and QUALGUARD, INC.

# DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Now come defendants who hereby object to plaintiff's motion to compel production of documents as follows:

Request A: All documents "to be provided," as stated in defendants' response to plaintiff's October 21, 2004, request to produce Nos. 14, 15, 16, 18 and 20.

**Response A:** Some checks have already been provided to plaintiff. Defendants will produce any additional checks requested but not yet provided upon advice from the plaintiff as to the checks presently in its possession. Payroll records have already been provided to the extent included in the Quikbooks records provided to plaintiff, or in the Interpay records which plaintiff has obtained.

Request B: The e-mails referred to but unidentified in defendants' response to plaintiff's October 21, 2004, request to produce No. 22.

**Response B:** Some e-mails have been produced in bulk, which may contain some of the requested e-mails. Other e-mails have been already provided to plaintiff in response to this request. Defendants agree to produce any other e-mails responsive to this request which have not yet been already produced.

Request C: Larger and legible copies of Defendant Croy's check Nos. 1762 and 1927, front and back, pursuant to plaintiff's third request to produce No. 1.

**Response C:** No objection.

Request D: All documents requested by plaintiff's third request to produce No. 2 and fourth request to produce No. 3 relating to Defendant Croy's stock ownership or interest and stock certificate.

**Response D:** Defendants have not located the stock certificate requested and thus presume there is none in existence.

Request E: All documents requested by plaintiff's third request to produce No. 3.

**Response E:** This will be produced.

Request F: All documents requested by plaintiff's fourth request to produce Nos. 4, 5, 6 and 7.

**Response F:** Defendants have produced financial statements, tax returns, computer discs containing Quikbooks files and binders of actual invoices. Defendants do not object to any particularized request not contained in the information already provided.

Request G: All documents requested by plaintiff's fifth request to produce No. 1.

**Response G:** There are no SMTP log files for e-mail servers used by the company for the period January 1, 2001-July 1, 2003.

Request H: Identification or copies of entries in the check ledgers, the e-mails and the accounting ledgers referred to in the defendants' response to plaintiff's first request to admit Nos. 3, 7 and 8.

**Response H:** Records containing this information are believed to have been provided already to plaintiff; defendants do not object to particularizing the information sought.

Request I: The comprehensive report by John Broussard, defendants' economic report.

**Response I:** No objection.

DEFENDANTS

By their attorneys,

McKENNA & McCORMICK

**JAMES T. McCORMICK (#2614)**
128 Dorrance Street, Suite 330
Providence, RI 02903-2814

(401) 831-2970
(401) 751-1797 (FAX)

**CERTIFICATION**

I, the undersigned, hereby certify I forwarded a copy of the within to the following attorney on the 2nd day of September 2005:

Gordon P. Cleary, Esq.
**Vetter & White**
20 Washington Place
Providence, RI 02903

Attorney Beth L. Jacobson
**Sullivan & Worcester LLP**
One Post Office Square
Boston, MA 02109