UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| XAVIER BALLARIN, Plaintiff | ) | C.A. No. 04-278T |
| vs. | ) | |
| DARRELL LUCENTE , JOHN CROY, XLC CORP. and QUALGUARD, INC., Defendants | ) | |

PLAINTIFF'S REPLY TO DEFENDANTS' OBJECTION TO
MOTION TO COMPEL PRODUCTION OF DOCUMENTS

This reply addresses the parts of plaintiff's motion to compel that are left unresolved by defendants' objection.

As to Paragraph A of the Motion

Plaintiff still requires, and has not received, checks received by Darrell Lucente in the period November 3, 2000 to January 1, 2002 (Request No. 16). Plaintiff will accept copies or records of such checks from a QuickBooks file. Plaintiff still requires, and has not received, any lists of checks prepared by Xavier Ballarin and submitted to Darrell Lucente during the period November 2002 to June 12, 2003 (Request No. 18).

Plaintiff takes the remainder of defendants' response to Paragraph A as a statement that no additional documents are available as to Requests 14, 15 and 20.

As to Paragraph B of the Motion

Defendants have produced thousands of pages of e-mails, a substantial number of which are duplicates. Defendants have never identified the specific e-mails produced in response

to Request No. 22 in the October 21, 2004 request to produce – documents showing plaintiff was negligent or derelict in the performance of his work. Plaintiff should not have to guess what documents among thousands of e-mails are those produced in response to the request. It is defendants' obligation to identify and produce such e-mails. F.R.C.P. 34(c) provides that documents shall be produced, organized and labeled to correspond with categories in the request to produce.

As to Paragraph F of the Motion

All of the documents sought by Requests 4 through 7 of the Fourth Request to Produce seek information showing specific liabilities and expenses XLC Corp. has incurred or paid for Qualguard, Inc., such as advertising, and the specific payments Qualguard, Inc. has made to XLC Corp. to cover those liabilities and expenses. This information is relevant to the valuation issue that figures prominently in this case. The documents defendants cite in their objection provide only gross numbers or unexplained or attributed expenses. To the extent that defendants have documents that show what XLC Corp. spent for specific operational needs of Qualguard, Inc., plaintiff is entitled to those documents. Similarly, to the extent Qualguard, Inc. has made payment for specific services, goods or equipment supplied by XLC Corp., plaintiff is entitled to those documents.

As to Paragraph H

Plaintiff understands defendants' objection to say that they will identify with particularity the documents produced in response to the request. This is what plaintiff sought by the motion.

Gordon P. Cleary, No. 1948
VETTER & WHITE
Attorneys for Plaintiff
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Beth Jacobson, Esq.
Sullivan & Worcester, LLP
One Post Office Square
Boston, Massachusetts 02109
(617) 338-2800
(617) 338-2880 FAX

Dated: September 12, 2005

CERTIFICATE OF SERVICE

To:

James T. McCormick, Esq.
McKenna & McCormick
128 Dorrance Street - Suite 330
Providence, RI 02903-2814

I hereby certify that I served on the above-named counsel of record a copy of the within Plaintiff's Reply to Defendants' Objection to Motion To Compel Production of Documents by mailing first class mail, postage prepaid, on the 12th day of September, 2005.